**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY FARIER, | No. 09-16252 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01407-DGC |
| v. | |
| CITY OF MESA, a municipal corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Anthony Farier appeals pro se from the district court's summary judgment in

his action claiming racial discrimination and retaliation under Title VII of the Civil

Rights Act of 1964 and 42 U.S.C. § 1981.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Yartzoff v. Thomas*, 809 F.3d 1371, 1373 (9th Cir. 1987), and we affirm.

The district court properly concluded that Farier failed to raise a triable issue as to his Title VII claims. Farier's claim of discrimination in 2003 was time-barred because he did not file a timely claim with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). Farier's claim of discrimination as to promotion decisions before May 2006 failed to establish a prima facie case because he did not identify the positions at issue or show that he applied and was qualified for them. *See Yartzoff*, 809 F.2d at 1374 ("[F]ailure to allege 'specific facts' sufficient to establish the existence of a prima facie case renders a grant of summary judgment appropriate."). Farier's claim of discrimination as to the denial of a promotion in July 2006 failed because he did not show by a preponderance of evidence that defendant's stated non-discriminatory reason for not promoting him was a mere pretext. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

The district court properly concluded that Farier failed to raise a triable issue as to his Section 1981 claim because he did not identify a discriminatory custom or policy that caused defendant to deny him promotions. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (Section 1981 plaintiff must

09-16252

"demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.") (emphasis in original).

The district court properly concluded that Farier failed to raise a triable issue as to his Title VII and Section 1981 retaliation claims because he failed to establish that defendant's stated, legitimate reason for denying him worker's compensation was a pretext to retaliate against him for complaining about discrimination. *See Surrell v. Cal. Water Serv.*, 518 F.3d , 1108 (9th Cir. 2008) (after establishing prima facie case of retaliation, plaintiff must show that employer's proffered non-discriminatory reason for its adverse employment action was a pretext).

Finally, the district court did not abuse its discretion in denying Farier's motion to compel because it was untimely by more than six months and Farier failed to establish good cause to excuse his delay. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (reviewing for abuse of discretion the denial of a discovery request and allowing reversal only with "the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant").

Farier's remaining contentions are unpersuasive.

**AFFIRMED.**